IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

MICHAEL RHODES and
ROBERT RHODES,

    PLAINTIFFS,

VS.                        CIVIL ACTION NO. 2:18-cv-01179

WEST VIRGINIA DIVISION OF
PROTECTIVE SERVICES; GREGORY
SCOTT FERNATT, individually and in
his capacity as a Capitol Security Officer;
ROBERT K. HERALD, individually and in
his capacity as a Capitol Security Officer;
SCOTT DUFF, individually and in his capacity
as a Capitol Security Officer; JOHN WORKMAN,
individually and in his capacity as a Capitol
Security Officer; TRAVAS BENNETT, individually
and in his capacity as a Capitol Security Officer;
and JACK CHAMBERS, individually and in
his capacity as Deputy Director of the West
Virginia Division of Protective Services,

    DEFENDANTS.

## GREGORY SCOTT FERNATT'S COUNTERCLAIM
## AGAINST MICHAEL RHODES

Now comes the Defendant/Counterclaimant, Gregory Scott Fernatt, by counsel, who for his Counterclaim against the Plaintiff, Michael Rhodes. states as follows:

### PARTIES

1. The Defendant/Counterclaimant (hereinafter referred to as "Fernatt") now is and all times hereinmentioned was a resident of Kanawha County, West Virginia.

2.      The Plaintiff, Michael Rhodes (hereinafter referred to as "Rhodes"), now is and at all times hereinmentioned was a resident of Kanawha County, West Virginia.

### JURISDICTION AND VENUE

3.      Since this is a Counterclaim of an action filed by Rhodes against Fernatt, jurisdiction and venue are proper in the United States District Court for the Southern District of West Virginia.

### STATEMENT OF FACTS

4.      On August 12, 2016, Fernatt picked up his infant child from school and brought him to his home located at 494 Westmoreland Road, Charleston, West Virginia 25302.

5.      Prior to August 12, 2016, Fernatt had never met Rhodes and did not know he lived in the same neighborhood.

6.      Fernatt did not know Rhodes existed prior to August 12, 2016.

7.      On August 12, 2016, Rhodes was driving up the street in front of Fernatt's house when Rhodes stopped his vehicle, backed it up and then pulled front first into Fernatt's driveway in a speedy manner.

8.      Fernatt had no idea why Rhodes was doing such and instructed his 7-year-old son to stay in the vehicle because he did not know what kind of danger Rhodes may present after such a speedy entrance into his driveway.

9.      Fernatt inquired of Rhodes who he was, what he wanted and why

he was upset. He also asked him to turn the vehicle off and exit, but instead, the driver, later determined to be Rhodes, declined to answer any questions, ranted and raved about topics of which Fernatt was unaware, made several threats at Fernatt, then backed out of the driveway.

10. Fernatt was in fear of his life and the safety of his son because of the threats made by Rhodes.

11. Fernatt called his supervisor with the Capitol Police Department who made the decision to send Capitol Police Officers to the scene.

12. Officers from the Capitol Police Department came and took a statement from Fernatt and Fernatt never saw or heard from Rhodes again until a Hearing in the Kanawha County Magistrate Court on November 30, 2016.

13. At no time has Fernatt ever communicated with Rhodes, laid hands on Rhodes, arrested Rhodes or had any dealings whatsoever with Rhodes other than the brief communication initiated by Rhodes set forth hereinabove.

14. Fernatt is in fear of his family's safety and lives because of Rhodes' bizarre conduct and threats, as well as his reputation of which he learned after this incident on August 12, 2016.

15. As a result of this incident and fear of Rhodes, Fernatt has moved his family out of the area so as to protect them from Rhodes and must now

commute a long distance to and from work.

16. Recently, Fernatt received in the mail a letter from Mark McMillian together with a Civil Complaint and Waiver of Service Summons.

17. Said Civil Complaint contains untrue libelous materials asserted about Fernatt which has affected his ability in obtaining employment.

18. Moreover, Fernatt was a victim of Rhodes, yet now Rhodes has sued Fernatt with frivolous allegations.

19. As a direct and proximate result of the wrongful conduct as set forth hereinabove, Fernatt and his family have sustained damages for which Rhodes is liable.

## FIRST CAUSE OF ACTION

### (Libel)

20. Fernatt realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 19 of this Counterclaim.

21. Rhodes has caused to be published in written form untruthful statements about Fernatt.

22. Rhodes knows those statements made about Fernatt are untruthful.

23. As a direct and proximate result of the untruthful statements made by Rhodes against Fernatt, Rhodes has committed libel against Fernatt.

24. As a direct and proximate result of the libel by Rhodes against

Fernatt, Fernatt has incurred damages as set forth hereinbelow.

## SECOND CAUSE OF ACTION

### (Abuse of Process)

25. Fernatt realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 24 of this Counterclaim.

26. Rhodes knows that Fernatt has committed no offense against him and has committed no act for which Rhodes has sustained any damage.

27. In spite of this knowledge, Rhodes has pursued this frivolous, meritless and libelous claim against Fernatt.

28. Rhodes' actions in filing this frivolous, meritless and libelous suit against Fernatt constitutes an abuse of process.

## THIRD CAUSE OF ACTION

### (Intentional Emotional Distress)

29. Fernatt realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 28 of this Counterclaim.

30. On August 12, 2016, Rhodes' conduct in entering upon Fernatt's premises was for the sole intention of intimidating, frightening and threatening Fernatt.

31. As a direct and proximate result of Rhodes' activity against Fernatt, Rhodes has intentionally inflicted emotional distress upon Fernatt.

32. As a direct and proximate result of the intentional infliction of

emotional distress, Fernatt is entitled to damages as set forth hereinbelow.

## FOURTH CAUSE OF ACTION

### (Negligent Emotional Distress)

33. Fernatt realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 32 of this Counterclaim.

34. On August 12, 2016, Rhodes' conduct in entering upon Fernatt's premises was for the sole intention of intimidating, frightening and threatening Fernatt.

35. As a direct and proximate result of Rhodes' activity against Fernatt and his child, Rhodes has negligently inflicted emotional distress upon Fernatt.

36. As a direct and proximate result of the negligent infliction of emotional distress, Fernatt is entitled to damages as set forth hereinbelow.

## FIFTH CAUSE OF ACTION

### (Assault)

37. Fernatt realleges, reasserts and incorporates by reference each and every allegation set forth in Paragraphs 1 through 36 of this Counterclaim.

38. Rhodes' activity in speedily entering Fernatt's driveway and bringing his vehicle to a spot which was close to Fernatt constitutes civil assault.

39. Fernatt was in fear of his and his son's safety during this assault by Rhodes.

40. As a direct and proximate result of the civil assault by Rhodes on Fernatt, Fernatt has incurred damages as set forth hereinbelow.

## DAMAGES

41. As a direct and proximate result of the wrongful conduct of Rhodes as set forth hereinabove, Fernatt has incurred damages for the following:

    A. Past and future emotional damage;

    B. Annoyance and inconvenience;

    C. Additional travel expenses to and from employment;

    D. Expenses for counseling;

    E. Punitive damages;

    F. Attorney fees and costs; and

    G. Such other damages as become apparent through discovery.

**WHEREFORE**, the Defendant/Counterclaimant, Gregory Scott Fernatt, demands judgment against the Plaintiff, Michael Rhodes, for compensatory and punitive damages as to be determined by a jury. The Defendant/Counterclaimant, Gregory Scott Fernatt requests he be awarded his costs and expenses incurred in bringing this Counterclaim, including reasonable attorney fees, and for such other relief as this Court deems just.

                                        **GREGORY SCOTT FERNATT**

                                        **By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**


By: /s/Michael J. Del Giudice
    Michael J. Del Giudice (WV #982)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304) 343-4440
    Attorney for Defendant/Counterclaimant,
    Gregory Scott Fernatt

## CERTIFICATE OF SERVICE

I, Michael J. Del Giudice, do hereby certify that the foregoing **"Gregory Scott Fernatt's Counterclaim against Michael Rhodes"** has been served upon all parties via the Court's electronic filing system as follows on the 17th day of September, 2018:

>Mark McMillian, Esq.
>Boulevard Tower, Suite 900
>1018 Kanawha Boulevard, East
>Charleston, West Virginia 25301
>Attorney for Plaintiffs

>Gary E. Pullen, Esq.
>901 Quarrier Street
>Charleston, West Virginia 25301
>Attorney for Defendants

**CICCARELLO, DEL GIUDICE & LAFON**


By: /s/Michael J. Del Giudice
Michael J. Del Giudice (WV #982)
Attorney for Defendant/Counterclaimant,
Gregory Scott Fernatt

S:\Holly\Clients\Fernatt, Gregory\Counterclaim 9-13-18.wpd

9