IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

**MICHAEL RHODES and**
**ROBERT RHODES,**

    **Plaintiffs,**

v.                                          Civil Action No. 2:18-cv-01179
                                              Honorable John Copenhaver, Jr.

**WEST VIRGINIA DIVISION OF PROTECTIVE**
**SERVICES; GREGORY SCOTT FERNATT,**
**Individually and in his capacity as a Capitol Police**
**Officer; ROBERT K. HERALD, individually and in**
**his capacity as a Capitol Police Officer; SCOTT**
**DUFF, individually and in his capacity as a Capitol**
**Police Officer; JOHN WORKMAN, individually and**
**In his capacity as a Capitol Police Officer; TRAVAS**
**BENNETT, individually and in his capacity as a**
**Capitol Police Officer; and JACK CHAMBERS,**
**individually and in his capacity as Deputy Director**
**of the West Virginia Division of Protective Services,**

    **Defendants.**

### ANSWER ON BEHALF OF ALL DEFENDANTS
### TO PLAINTIFFS' COMPLAINT

    **NOW COME** the Defendants ("These Defendants"), West Virginia Division of Protective Services and its officers Gregory Scott Fernatt, Robert K. Herald, Scott Duff, John Workman, Travas Bennett, and Jack Chambers, individually and in their capacity as employees and officers of the West Virginia Division of Protective Services, for their Answer to Plaintiffs' Complaint, and state as follows:

### First Defense

    1. Plaintiffs' Complaint fails to state a claim against these Defendants upon which relief can be granted and should, therefore, be dismissed

### Second Defense

2. These Defendants deny the allegations contained in paragraph 1 of Plaintiffs' Complaint and demand strict proof thereof.

### Jurisdiction

3. These Defendants are without sufficient information to admit or deny the allegations contained in paragraph 2 of Plaintiffs' Complaint that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, §1367, §1391(b)(2), and 42 U.S. Code §1983 and demand strict proof thereof. These Defendants reserve the right to challenge jurisdiction as discovery in this case progresses.

### Parties to the Action

5. These Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 3 and 4 of Plaintiffs' Complaint and, therefore, deny the same and demand strict proof thereof.

6. Paragraph 5 of Plaintiffs' Complaint states a legal conclusion to which a response by way of admission or denial is not required.

7. These Defendants admit the allegations contained in paragraphs 6 through 11 of Plaintiffs' Complaint.

### Facts Common to All Causes of Action

8. These Defendants deny the allegations contained in paragraphs 12 through 22 of Plaintiffs' Complaint and demand strict proof thereof.

### 42 U.S. Code §1983

9. In response to paragraph 23 of Plaintiffs' Complaint, these Defendants adopt their responses to all previous paragraphs as though restated here.

10. Paragraphs 24 and 25 of Plaintiffs' Complaint state legal conclusions to which a response by way of admission or denial is not required. To the extent paragraphs 24 and 25 allege negligence or other acts of wrong-doing against these Defendants, all such allegations are denied.

### False Arrest and False Imprisonment

11. In response to paragraph 26 of Plaintiffs' Complaint, these Defendants adopt their responses to all previous paragraphs as though restated here.

12. Paragraph 27 of Plaintiffs' Complaint states a legal conclusion to which a response by way of admission or denial is not required. To the extent paragraph 24 alleges negligence or other acts of wrong-doing against these Defendants, all such allegations are denied.

### Malicious Prosecution

13. In response to paragraph 28 of Plaintiffs' Complaint, these Defendants adopt their responses to all previous paragraphs as though restated here.

14. Paragraph 29 of Plaintiffs' Complaint states a legal conclusion to which a response by way of admission or denial is not required. To the extent paragraph 29 alleges negligence or other acts of wrong-doing against these Defendants, all such allegations are denied.

### Intentional Infliction of Emotional Distress

15. In response to paragraph 30 of Plaintiffs' Complaint, these Defendants adopt their responses to all previous paragraphs as though restated here.

16. Paragraph 31 of Plaintiffs' Complaint states a legal conclusion to which a response by way of admission or denial is not required. To the extent paragraph 31 alleges negligence or other acts of wrong-doing against these Defendants, all such allegations are denied.

### Failure to Supervise / Agency Liability

17. In response to paragraph 32 of Plaintiffs' Complaint, these Defendants adopt their responses to all previous paragraphs as though restated here.

18. Paragraph 33 of Plaintiffs' Complaint states a legal conclusion to which a response by way of admission or denial is not required. To the extent paragraph 33 alleges negligence or other acts of wrong-doing against these Defendants, all such allegations are denied.

### Failure to Intervene

19. In response to paragraph 34 of Plaintiffs' Complaint, these Defendants adopt their responses to all previous paragraphs as though restated here.

20. Paragraph 35 of Plaintiffs' Complaint states a legal conclusion to which a response by way of admission or denial is not required. To the extent paragraph 35 alleges negligence or other acts of wrong-doing against these Defendants, all such allegations are denied.

### Damages

21. In response to paragraph 36 of Plaintiffs' Complaint, these Defendants adopt their responses to all previous paragraphs as though restated here.

22. These Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 37 and 38 of Plaintiffs' Complaint and, therefore, deny the same and demands strict proof thereof.

23. Paragraph 39 [mis-numbered as a second paragraph 38] of Plaintiffs' Complaint states a legal conclusion to which a response by way of admission or denial is not required. To the extent paragraph 39 alleges negligence or other acts of wrong-doing against these Defendants, all such allegations are denied.

24. These Defendants deny all allegations contained in Plaintiffs' Complaint not specifically admitted herein.

25. These Defendants deny that Plaintiffs are entitled to the relief sought in this Complaint.

### Third Defense

26. These Defendants deny that Plaintiffs are entitled to an award of compensatory and punitive damages from these Defendants.

### Fourth Defense

27. These Defendants deny that they are liable individually to the Plaintiffs for the claims asserted in this civil action.

### Fifth Defense

28. These Defendants are immune from any claim for punitive damages asserted in Plaintiffs' Complaint.

### Sixth Defense

29. These Defendants deny that Plaintiffs' Complaint states a claim for punitive damages and move this Court to dismiss Plaintiffs' claims for punitive damages against these Defendants.

### Seventh Defense

30. These Defendants assert that they are entitled to qualified and/or good faith immunity from liability because these Defendants acted lawfully in all actions taken by them with regard to the Plaintiffs.

### Eighth Defense

31. These Defendants are entitled to qualified and/or good faith immunity from liability because the conduct of these Defendants, at all times relevant hereto, did not violate any clearly

established statutory or constitutional rights of the Plaintiffs of which a reasonable person should have known.

## Ninth Defense

32. These Defendants enjoy absolute immunity from liability in this civil action.

## Tenth Defense

33. These Defendants specifically assert all common law, statutory and constitutional immunities afforded them under State and Federal law.

## Eleventh Defense

34. No custom or policy of the West Virginia Division of Protective Services caused the deprivation of any of the Plaintiffs' rights or caused the Plaintiffs any damages complained of in Plaintiffs' Complaint.

## Twelfth Defense

35. These Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure and further reserve the right to raise such additional defenses as may appear appropriate following further factual development in this case.

## Thirteenth Defense

36. These Defendants did not breach any duty that they owed to the Plaintiffs.

## Fourteenth Defense

37. These Defendants are immune from liability as, at all times relevant hereto, they acted within the good faith performance of their official duties.

**Fifteenth Defense**

38. These Defendants reserve the right to file a counterclaim, cross-claim or third-party claim if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

**Counterclaim of Gregory Scott Fernatt**

39. These Defendant incorporate, by reference, *Gregory Scott Fernatt's Counterclaim Against Michael Rhodes*, filed as Document 12 on September 17, 2018 by Michael Del Guidice, Counterclaimant Counsel for Gregory Scott Fernatt.

**PRAYER FOR RELIEF**

**WHEREFORE**, these Defendants, West Virginia Division of Protective Services and its officers Gregory Scott Fernatt, Robert K. Herald, Scott Duff, John Workman, Travas Bennett, and Jack Chambers, having fully answered Plaintiffs' Complaint, these Defendants respectfully request that Plaintiffs' Complaint be dismissed and held for naught; that the Plaintiffs recover nothing from these Defendants; that these Defendants recover their costs, expenses of suit, and a reasonable attorney's fee made necessary in defending this Complaint; and for such other and further relief, whether legal or equitable in nature, as to which these Defendants may appear to be entitled.

**JURY DEMAND**

These Defendants respectfully demand a trial by jury on all issues so triable.

        WEST VIRGINIA DIVISION OF PROTECTIVE SERVICES and its officers GREGORY SCOTT FERNATT, ROBERT K. HERALD, SCOTT DUFF, JOHN WORKMAN, TRAVAS BENNETT, and JACK CHAMBERS,

        By Counsel


        _/s/ Christopher C. Ross_____
        Gary E. Pullin, Esq. (WVSB #4528)
        Christopher C. Ross, Esq. (WVSB #10415)


**Pullin, Fowler, Flanagan, Brown & Poe, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: (304) 344-0100
Facsimile:  (304) 342-1545

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

**MICHAEL RHODES and**
**ROBERT RHODES,**

    **Plaintiffs,**

v.                                               Civil Action No. 2:18-cv-01179
                                                 Honorable John Copenhaver, Jr.

**WEST VIRGINIA DIVISION OF PROTECTIVE**
**SERVICES; GREGORY SCOTT FERNATT,**
**Individually and in his capacity as a Capitol Police**
**Officer; ROBERT K. HERALD, individually and in**
**his capacity as a Capitol Police Officer; SCOTT**
**DUFF, individually and in his capacity as a Capitol**
**Police Officer; JOHN WORKMAN, individually and**
**In his capacity as a Capitol Police Officer; TRAVAS**
**BENNETT, individually and in his capacity as a**
**Capitol Police Officer; and JACK CHAMBERS,**
**individually and in his capacity as Deputy Director**
**of the West Virginia Division of Protective Services,**

    **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for defendants, West Virginia Division of Protective Services and its officers Gregory Scott Fernatt, Robert K. Herald, Scott Duff, John Workman, Travas Bennett, and Jack Chambers Jarod A. Tupper, do hereby certify on this 25th day of September, 2018, that a true copy of the foregoing "*Answer on Behalf of All Defendants to Plaintiffs' Complaint*" was served upon counsel of record by depositing same to them in the U.S. Mail, postage prepaid, and addressed as follows:

*Counsel for Plaintiffs*
Mark McMillian, Esq. (WVSB #9912)
Boulevard Tower, Ste. 900
1018 Kanawha Blvd., East
Charleston, WV 25301
Telephone: (304) 720-9099

*Counterclaimant Counsel for Defendant Gregory Scott Fernatt*
Michael Del Giudice, Esq. (WVSB # 982)
Ciccarello, Del Guidice, & LaFon
1219 Virginia St. East, Ste. 100
Charleston, WV 25301
Telephone: (304) 343-4440

2

/s/ Christopher C. Ross
Gary E. Pullin, Esq., WVSB #4528
Christopher C. Ross, Esq., WVSB #10415

Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545

2