IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

MICHAEL RHODES,

and

ROBERT RHODES,
    Plaintiffs.

    v.                                                          Civil Action No.2:18-cv-01179

WEST VIRGINIA DIVISION OF PROTECTIVE SERVICES,

GREGORY SCOTT FERNATT,
    Individually and in his Capacity as a Capitol Security Officer,

ROBERT K. HERALD,
    Individually and in his Capacity as a Capitol Security Officer,

SCOTT DUFF,
    Individually and in his Capacity as a Capitol Security Officer,

JOHN WORKMAN,
    Individually and in his Capacity as a Capitol Security Officer,

TRAVAS BENNETT,
    Individually and in his Capacity as a Capitol Security Officer,
and

JACK CHAMBERS,
    Individually and in his Capacity as Deputy Director of the West Virginia
    Division of Protective Services,
    Defendants.

**MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFF MICHAEL RHODES FOR PARTIAL DISMISSAL OF COUNTERCLAIM**

Came Michael Rhodes, Plaintiff in the above entitled action and Defendant in Counterclaim of Defendant Gregory Scott Fernatt ("Fernatt"), by Counsel Mark McMillian, and as provided by Rule 12(b)(6) *FRCP*, moved for partial dismissal of said counterclaim. For his *Memorandum* in support of same, he respectfully asserts the following.

INTRODUCTION

Relevant Procedural History

Plaintiff Michael Rhodes and Plaintiff Robert Rhodes, who is Michael Rhodes father, brought this action requesting damages for the Defendants' liability for causing the unlawful arrest, imprisonment, malicious prosecution, incursion of their home and property and related causes. The Defendants have collectively answered (Doc.14) and Defendant Fernatt filed a separate counterclaim, alleging libel, abuse of process, intentional [infliction of] emotional distress, negligent [infliction of] emotional distress, and assault. (Doc. 12). An answer to the counterclaim was filed (Doc. 17), as well as the *Motion for Partial Dismissal* under Rule 12(b) (Doc. 13) discussed herein. Michael Rhodes asks that the elements of Fernatt's counterclaim alleging libel be dismissed and stricken.

Relevant Factual History

On August 12, 2016 Plaintiff Michael Rhodes believed that police officers seemed to have been following him and stopped to speak about that with Defendant Fernatt, who was in a uniform in his (Fernatt's) driveway. Rhodes stopped there because he thought Fernatt was a Charleston police officer, had spoken with him in the past, perceived him to be approachable and

2

might enlighten him on reasons he was being followed. Rhodes did nothing by word or deed to cause fear or alarm on the part of Fernatt, and left when Fernatt was unresponsive to his questions. Fernatt, on the other hand, contends that Rhodes came to a sliding stop on the street, entered his driveway at a high rate of speed, slid to a stop, spun his tires and conducted himself so as to commit the criminal offenses of assault upon an officer in performance of his duties, destruction of property, obstructing an officer and fleeing an officer while in performance of his duties. It is undisputed that a contingent of Fernatt's colleagues from the West Virginia Division of Protective Services later converged and ultimately entered Rhodes home without a warrant and took him from there, first to the State Capitol Building and later to a magistrate and then to jail. Rhodes was ultimately acquitted of all of the criminal charges, but only after spending nearly a month in jail and six months in community incarceration. The present action against the Defendants and now the counterclaim by Fernatt against Michael Rhodes followed.

## LEGAL DISCUSSION

### The Counterclaim

The Counterclaim alleges five causes of action including libel, abuse of process, intentional [infliction of] emotional distress, negligent [infliction of] emotional distress, and assault. The within motion narrowly concerns the cause of action for libel. The pertinent paragraphs of the counterclaim allege as follows:

> 16. Recently, Fernatt received in the mail a letter from Mark McMillian together with a Civil Complaint and Waiver of Service Summons.
> 17. Said Civil Complaint contains untrue libelous materials asserted about Fernatt which has affected his ability in obtaining employment.
> 21. Rhodes has caused to be published in written form untruthful statements about Fernatt.
> 22. Rhodes knows those statements made about Fernatt are untruthful.

23. As a direct and proximate result of the untruthful statements made by Rhodes against Fernatt, Rhodes has committed libel against Fernatt.
24. As a direct and proximate result of the libel by Rhodes against Fernatt, Fernatt has incurred damages as set forth hereinbelow.
27. In spite of this knowledge, Rhodes has pursued this frivolous, meritless and libelous claim against Fernatt.
28. Rhodes' actions in filing this frivolous, meritless and libelous suit against Fernatt constitutes an abuse of process.

Michael Rhodes is entitled under Rule 12(b)(6) to dismissal of those elements of the counterclaim in failing to state a claim upon which relief can be granted because, as discussed below, that which is complained of has been held to be absolutely privileged.

## The Litigation Privilege

It is clear from the foregoing language of the counterclaim that what is complained of as libelous is the contents of the civil complaint in the present action. In *Collins v. Red Roof Inns, Inc., 566 S.E.2d 595,601* (W. Va., 2002), upon certified question from this Court, that Court said:

> As we previously noted, comment *a* to the Restatement (Second) of Torts § 587 explains that the rationale for such a privilege has its foundation in the assurance to all people of free access to the courts. See Harris, 85 N.C.App. 669, 674, 355 S.E.2d 838, 842 ("[T]he privilege is based upon the public interest of securing to all persons freedom of access to the courts to settle their private disputes ...."). It has also been explained that:
> The reason for the absolute privilege accorded defamatory communications made in the course of judicial proceedings is one of public policy, the underlying rationale being that such a privilege is necessary to the proper administration of justice; if the judicial process is to function effectively, those who participate must be able to do so without being hampered by the fear of private suits for defamation. Furthermore, it has been said that the public interest in the freedom of expression by participants in judicial proceedings, uninhibited by risk from resultant suits for defamation, is so vital and necessary to the integrity of our judicial system that it must be made paramount to the right of the individual to a legal remedy where he or she has been wronged thereby.
> 50 Am.Jur.2d, Libel and Slander § 299, at 591 (1995) (footnotes omitted).

See, also, *Ghafourifar v. Cmty. Trust Bank, Inc.*, 3:14-cv-01501 (S.D. W.Va., 2014)

holding, *inter alia*, "In West Virginia, the litigation privilege protects any communications published in the course of a judicial proceeding 'as long as the communications are related to the prospective judicial action.' Susko v. City of Weirton, No. 5:09CV1, 2011 WL 221825, at *3 (N.D. W. Va. 2011) (quoting Collins v. Red Roof Inns, Inc., 566 S.E.2d 595, 599 (W. Va. 2002)). This privilege applies in defamation actions. See Collins, 566 S.E.2d at 603."

Fernatt's libel cause of action as contained in his counterclaim is brought under West Virginia law under this Court's supplemental jurisdiction. The West Virginia Courts and the United States Courts of this District have recognized an absolute litigation privilege for communications published in the course of a judicial proceeding and those related to the prospective judicial action. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, certain of Fernatt's allegations stated in support of his libel cause of action do not form a legal basis for relief and accordingly should be dismissed.

CONCLUSION

WHEREFORE, for reasons appearing above and as may be advanced in argument before this Court, Plaintiff Michael Rhodes should be granted partial dismissal of Defendant Fernatt's counterclaim with prejudice, specifically the portions of the counterclaim sounding of libel, frivolous, meritless or false statements, including that contained in Paragraphs 16, 17, 21-24, 27 and 28. He should also be awarded legal fees and costs associated with defending against said claim, along with such further relief this Court finds proper under law.

        Respectfully Submitted,


        <u>s/Mark McMillian</u>
        Mark McMillian (WV Bar 9912)
        *Counsel for the Plaintiffs*
        Mark McMillian - Attorney at Law, L.C.
        Boulevard Tower - Suite 900
        1018 Kanawha Blvd., East
        Charleston, WV 25301
        Tel: 304.720.9099  Fax: 304.720.0290
        email: mark@markmcmillian.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

MICHAEL RHODES,

and

ROBERT RHODES,
    Plaintiffs.

    v.                                              Civil Action No.2:18-cv-01179

WEST VIRGINIA DIVISION OF PROTECTIVE SERVICES,

GREGORY SCOTT FERNATT,
    Individually and in his Capacity as a Capitol Security Officer,

ROBERT K. HERALD,
    Individually and in his Capacity as a Capitol Security Officer,

SCOTT DUFF,
    Individually and in his Capacity as a Capitol Security Officer,

JOHN WORKMAN,
    Individually and in his Capacity as a Capitol Security Officer,

TRAVAS BENNETT,
    Individually and in his Capacity as a Capitol Security Officer,
and

JACK CHAMBERS,
    Individually and in his Capacity as Deputy Director of the West Virginia
    Division of Protective Services,
    Defendants.

**CERTIFICATE OF SERVICE**

    Comes now undersigned Counsel for the Plaintiffs in the above entitled action and certifies that a true copy of the *Memorandum in Support of Motion of Plaintiff Michael Rhodes*

*for Partial Dismissal of Counterclaim* was on this the 16th day of October, 2018 served upon Counsel for the Defendants, Christopher Ross, Esq. and Gary Pullin, Esq. and Michael J. Del Giudice, Esq., Counsel for Counterclaimant Gregory Scott Fernatt by entering the same into the ECF system of this Court.

                                                Respectfully Submitted,

                                                s/Mark McMillian
                                                Mark McMillian (WV Bar 9912)
                                                *Counsel for the Plaintiffs*
                                                Mark McMillian - Attorney at Law, L.C.
                                                Boulevard Tower - Suite 900
                                                1018 Kanawha Blvd., East
                                                Charleston, WV 25301
                                                Tel: 304.720.9099  Fax: 304.720.0290
                                                email: mark@markmcmillian.com