IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

MICHAEL RHODES and
ROBERT RHODES,

    Plaintiffs,

v.                                                   Civil Action No. 2:18-cv-01179
                                                      Honorable John Copenhaver, Jr.

WEST VIRGINIA DIVISION OF PROTECTIVE
SERVICES; GREGORY SCOTT FERNATT;
ROBERT K. HERALD; SCOTT DUFF;
JOHN WORKMAN; TRAVAS BENNETT; and
JACK CHAMBERS,

    Defendants.

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

The Defendants, the West Virginia Division of Protective Services, Gregory Scott Fernatt, Robert K. Herald, Scott Duff, John Workman, Travas Bennett, and Jack Chambers, by counsel, Christopher C. Ross, Anthony J. Delligatti and Pullin, Fowler, Flanagan, Brown & Poe, PLLC, reply in support of the previously filed Rule 12(b)(6) Motion to Dismiss Plaintiffs' *Complaint* on the basis of qualified immunity, the applicable statutes of limitations, and other grounds.

The Defendants incorporate the arguments from their October 16, 1018 Memorandum of Law in Support of Motion to Dismiss in this Reply, and address the arguments made by the Plaintiffs. Plaintiffs' claims against the West Virginia Division of Protective Services (WVDPS) and its officers are little more than a series of conclusory statements of liability without specific allegations of fact that plausibly state a claim for relief. Nonetheless, the Plaintiffs' claims rest on multiple false assumptions of law about whether the Defendants had the authority to take the law enforcement action alleged including:

**False assumption 1** – WVDPS are not real police.

**Fact -** WVDPS are real police with the same authority of the West Virginia State Police within its jurisdiction.

**False assumption 2** – WVDPS does not have jurisdiction outside of the Capitol Complex.

**Fact -** WVDPS has law enforcement jurisdiction, equivalent to the State Police, throughout Kanawha County and WVDPS has statewide jurisdiction to investigate and perform law enforcement duties related to offenses or activities occurring on any property owned, leased, or operated by the State of West Virginia.

**False assumption 3** – Because Mr. Rhodes was ultimately only charged with misdemeanors, the responding officers did not have a reasonable belief (based on probable cause) that Mr. Rhodes had committed a felony.

**Fact –** Under the facts in this case, WVDPS had enough evidence to charge Mr. Rhodes with terroristic threats under W.V a. Code § 61-6-24 and with intimidation and retaliation against a public officer under W.Va. Code § 61-6-24. Moreover, the responding officers were under the reasonable belief that Mr. Rhodes's alleged conduct amounted to a felony.

**False assumption 4 –** Because Mr. Rhodes was ultimately acquitted, there must not have been probable cause to arrest or charge Mr. Rhodes with any crimes.

**Fact -** Despite a motion to dismiss the criminal case for lack of probable cause, Judge King opted to proceed to trial and found that the state did not prove its case beyond a reasonable doubt.

2

After understanding the false assumptions of law, the *Complaint* fails because each claim fails to state a claim for which relief could be granted because: 1) Defendants are qualifiedly from Plaintiffs' 42 U.S.C §1983 claim; 2) Plaintiffs' claim for false arrest and imprisonment is barred by the one year statute of limitations; 3) Plaintiffs' state law claims for malicious prosecution, intentional infliction of emotional distresses, and failure to intervene are barred by qualified immunity; and 4) even if one or more of the state claims survived the Defendants are immune from punitive damages for the state law claims.

**ARGUMENT**

**1. The WVDPS is a law enforcement agency with the same authority as the West Virginia State Police with jurisdiction throughout Kanawha County.**

Plaintiff's *Complaint* and response in opposition to the Motion to Dismiss characterizes the WVDPS officers as "security officers" that lacked jurisdiction beyond the Capitol premises. Plaintiff further allege that the WVDPS should have "call[ed] an appropriate agency to investigate." *Complaint* ¶. 13 Plaintiffs may believe that WVDPS officers are glorified mall cops or security guards, and that the WVDPS is only responsible for security for the Capitol Complex, but its officers are all fully fledged law enforcement officers with the same training and authority of the West Virginia State Police. In fact, any WVDPS officer:

> may carry designated weapons and have the same powers of arrest and law enforcement in Kanawha County as members of the West Virginia State Police as set forth in § 15-2-12(b) and § 15-2-12(d) of this code.

W.Va. Code § 15-2D-3(a). W. Va. Code § 15-2-12(b)(1) grants WVDPS officers the power to:

> make arrests [anywhere in Kanawha County] of any person charged with the violation of any law of this state or of the United States, and when a witness to the perpetration of any offense or crime, or to the violation of any law of this state, or of the United States, to make

arrests without warrant; to arrest and detain any persons suspected of the commission of any felony or misdemeanor whenever a complaint is made and a warrant is issued thereon for the arrest, and the person arrested shall be immediately brought before the proper tribunal for examination and trial in the county where the offense for which the arrest has been made was committed.

Also, the legislature has adopted by virtue of the Code of Sate Rules duties of the various ranks of WVDPS Officers. *See* W.Va. C.S.R. § 99-2-3; West Virginia Division of Personnel Class Specifications 8950 - 8952.[1] Because the Defendants in this case had the same authority as the West Virginia State Police, the Court should view the allegations in the *Complaint* the same as it would if a person had threatened a uniformed West Virginia State Police Trooper, and disregard Plaintiffs' characterization that the WVDPS officers were acting outside of their jurisdiction.

2. **The arresting WVDPS officers had a reasonable belief that Mr. Rhodes had committed a felony and had enough evidence to charge Mr. Rhodes with terroristic threats (against branch or level of government) under W.Va. Code § 61-6-24 and with intimidation and retaliation against a public officer (individually) under W.Va. Code § 61-5-27.**

Here, WVDPS officers received a statement from a law enforcement officer (Officer Fernatt) that an unknown individual came on to the officer's property while the officer was in uniform and the man stated that if the police did not quit stalking him, he would make sure that he would "get" Officer Fernatt and law enforcement generally before they got him. Officer Fernatt rightfully took this as a threat against himself and law enforcement generally and called his superiors.

---

[1] WVDPS officers' duties are broad and includes "Provid[ing] law enforcement and police work involving the safeguarding of the public, state employees and state property and involving other hazardous, criminal, or unauthorized activities." West Virginia Division of Personnel Class Specifications 8952.

4

W.Va. Code § 61-6-24 makes it a felony for any person to threaten to commit a terrorist act, with or without the intent to commit the act. W.Va. Code § 61-6-24(a)(3) states that:

"Terrorist act" means an act that is:

> (A) Likely to result in serious bodily injury or damage to property or the environment; and
>
> (B) Intended to:
>
>> (i) Intimidate or coerce the civilian population;
>>
>> (ii) Influence the policy of a branch or level of government by intimidation or coercion;
>>
>> (iii) Affect the conduct of a branch or level of government by intimidation or coercion; or
>>
>> (iv) Retaliate against a branch or level of government for a policy or conduct of the government.

W.Va. Code § 61-5-27(b) makes it a felony for any person to:

> to use intimidation, physical force, harassment . . . or to threaten to do so where such threat is directed at inciting or producing imminent lawless action of a violent nature that could cause bodily harm and is likely to incite or produce such action or to attempt to do so, with the intent to:
>
> (1) Impede or obstruct a public official or employee from performing his or her official duties; . . .

Similarly, W.Va. Code § 61-5-27(c) makes it a felony for any person to:

> . . . cause injury or loss to person or property, or to threaten to do so where such threat is directed at inciting or producing imminent lawless action of a violent nature that could cause bodily harm and is likely to incite or produce such action or to attempt to do so, with the intent to:
>
>> (1) Retaliate against a public official or employee for the performance or nonperformance of an official duty; . . . .

Michael Rhodes, who suffers from paranoid schizophrenia, had false delusions that the police were stalking him and were out to get him. Michael stopped at Officer Fernatt's house for the purpose of influencing and intimidating law enforcement generally and made a specific threat that if the police did not stop following him, he would get the police generally, and Officer Fernatt specifically before the police got him. Officer Fernatt took that as a threat against himself and law enforcement generally. Sergeant Duff arrested Mr. Rhodes with the reasonable belief that Mr. Rhodes had made a threat of violence against law enforcement for the purpose of influencing how that branch of government acted or in retaliation for the police following him. Moreover, Mr. Rhodes and the responding officers were under the reasonable belief that Mr. Rhodes had threated and intimidated Officer Fernatt in retaliation for the performance of his duties as an officer. For the sake of argument, even if Officer Fernatt's report as to the threats was not accurate, the responding officers were under a reasonable belief that the threats were actually made and that a felony had been committed.

A law enforcement officer, "may, without a warrant, arrest any person who he believes, upon reasonable grounds, has committed a felony." *State v. McCauley*, 130 W.Va. 401, 402, 43 S.E.2d 454, 456 (1947). Here, the arresting officers had reasonable grounds to believe that Mr. Rhodes had committed a felony. While Sergeant Duff ultimately did not decide to charge Mr. Rhodes with terroristic threats or intimidation of or retaliation against a public official, Officer Duff was under the reasonable belief at the time of the arrest that Mr. Rhodes had committed a felony.

3. **Plaintiffs' Claims for are mere conclusory statements of liability and the *Complaint* fails to allege a plausible claim for relief against any of the Defendants.**

The Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (internal citations omitted). Indeed, as recently explained by the Southern District of West Virginia,

> [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to plead a claim. *Iqbal,* 129 S.Ct. at 1949. And this court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-1950 (internal quotation marks omitted).

*Bess v. Kanawha Cnty. Bd. of Educ.*, No. 2:08-cv-01020, *7 (S.D.W.Va., Sept. 17, 2009) (Goodwin, J.). In the instant matter, Plaintiffs' *Complaint* contains nothing more than legal conclusions, and any remaining factual allegations fail to state any plausible claim for relief. The Complaint lumps all claims to all Defendants, and further fails to state what claims apply to which plaintiffs. With the exception of the claim for supervisory/agency liability Plaintiffs simply and summarily state that all of the alleged wrongs in this *Complaint* are a result of the conduct of Defendants collectively and no specific Defendant is ever identified as being responsible for the various non-enumerated claims for relief. This lack of lack of clarity is further complicated by the fact that Plaintiffs brought this suit against each Defendant in his individual as well as his governmental capacity. *See Complaint* at ¶6 to ¶11.

As to Plaintiffs 42 U.S.C. § 1983 claim the Plaintiff lumps all causes of action and all Defendants into one conclusory statement of liability without providing factual allegations of liability against each Defendant:

> The Defendants each acted as to all claims asserted herein under the color of law. The entry into the Plaintiffs' home was made without a warrant of any kind and not within a lawful exception to the warrant requirement. Defendant [sic] Michael Rhodes was forcibly abducted without legal authority in any form, including, but not limited to, a complete absence of probable cause, jurisdiction or authority of those who seized him, all done willfully, intentionally and with great indifference to the Plaintiffs' rights as guaranteed by the Fourth Amendment to the United States Constitution.

*Complaint* at ¶24. Plaintiffs fail to connect any facts to these broad conclusory statements of liability to allegations of fact that make it plausible that any one of the Defendants is liable to one or more of the Plaintiffs. Moreover, the § 1983 claim is premised on the false assumption that the WVDPS is jurisdictionally limited to the Capitol Complex.

Similarly, Plaintiffs' claim for malicious prosecution is devoid of factual allegations, stating only:

> The Defendants, acting in concert with one another, caused the commencement of criminal proceedings against Plaintiff Michael Rhodes, without probable cause. The Defendants, acting maliciously and with deliberate indifference to his rights caused allegations to be used in furtherance of his prosecution knowing the same to be false and fictitious.

*Id.* at ¶29. Again, Plaintiffs purport to establish that the Defendant Officers acted in a conspiracy to trump up a trial without explaining the basis of that conclusion and without expanding on how this conduct was malicious and with deliberate indifference. Most importantly, however, Plaintiff does not allege that any of the Defendants had any actual control over the prosecution of the criminal case after it was submitted to the prosecutor. A malicious prosecution "suit requires more

than just the submission of a case to a prosecutor; it requires that a defendant assert control over the pursuit of the prosecution." *Norfolk S. Ry. Co. v. Higginbotham*, 228 W.Va. 522, 528, 721 S.E.2d 541, 547 (2011); See also *Goodwin v. City of Shepherdstown*, 825 S.E.2d 363 (W.Va. 2019); *Ali v. Raleigh Cnty.*, No. 5:17-CV-03386, at *9 (S.D.W.Va. May 14, 2019). Here once Mr. Rhodes was arraigned, the WVDPS and its officers no longer controlled the prosecutions: rather, the Kanawha County Prosecuting Attorney did.

As to Plaintiffs' intentional infliction of emotional distress claim Plaintiffs allege:

> The Defendants' conduct, from its inception, was outrageous, intentional, reckless and accomplished through Defendants' position and authority and beyond civilized decency, proximately causing Michael Rhodes' severe emotional distress and physical manifestation of the same.

*Complaint.* at ¶31. Again, it is unclear what action is alleged to be outrageous by each of the defendants or how each officer's conduct caused Michael Rhodes severe emotional distress. Thus, Plaintiffs have failed to state a plausible claim for intentional infliction of emotional distress.

Plaintiffs' *Complaint* amounts to little more than "labels and conclusions" which are insufficient to plead a cause of action. There is no specific mention of facts that in any way show that Defendant Officers could plausibly be liable. The allegations in the *Complaint* are the definition of "naked assertions" of wrongdoing that the holding in *Twombly* and *Iqbal* seek to prevent. *Cf. Twombly*, 550 U.S. at 557. Therefore, where each of Plaintiffs' claims fails to meet the basic pleading requirements of Rule 8, they also fail to set forth any information that could indicate that this Court could provide Plaintiffs with any form of relief, Plaintiffs' *Complaint* should be dismissed for failing to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### 4. Defendants are Entitled to Qualified Immunity as to All of Plaintiffs' Claims Based Upon the Allegations Contained in the *Complaint.*

The test to determine whether a police officer is entitled to qualified immunity is two-fold: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right, and (2) was that right clearly established such that a reasonable person would have known. *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991).

The Fourth Circuit Court of Appeals has held:

> For a right to be "clearly established," in a qualified immunity case, "the contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Therefore, in deciding whether the right was clearly established, we must determine whether an official in the defendant's position knew or reasonably should have known that the action he took violated the constitutional rights of the plaintiff.

*Hill v. Crum*, 727 F.3d 312, 321-22 (4th Cir. 2013) (internal citations omitted). "In the end, the lodestar for whether a right was clearly established is whether the law "gave the officials 'fair warning' that their conduct was unconstitutional." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 313 (4th Cir. 2006) *quoting Hope v. Pelzer,* 536 U.S. 730, 741, 122 S.Ct. 2508 (2002); *See also Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008)

Here, the conduct of the Defendant Officers did not violate any clearly established constitutional rights of the Plaintiffs. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151 (2001). The inquiry to determine if a right is clearly established is to ask, would it be "sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Wilson v.*

*Layne*, 526 U.S. 603, 615, 119 S.Ct. 1692 (1999) *quoting Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034 (1987).

Qualified immunity extends to government officials' objectively reasonable mistakes, "regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808 (2009) (internal quotation marks omitted). "[T]he immunity inquiry must be filtered through the lens of the officer's perceptions at the time of the incident in question." *Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir. 1994).

Here, the Plaintiffs failed to properly plead that the Defendant Officers' conduct was not reasonable under the circumstances. Plaintiffs make many legal conclusions about the lack of authority or lack of probable cause underlying these events but fail to demonstrate through allegations of fact that the Defendant Officers could not reasonably believe that their conduct was lawful. Plaintiffs also fail to properly plead that criminal conduct did not take place on the day of the arrest. For instance, Plaintiffs admit in the *Complaint* that Plaintiff Michael Rhodes entered onto the property of Defendant Fernatt without permission to do so, but then minimizes every part of the criminal conduct that Plaintiff engaged in while on Officer Fernatt's property. Further, Plaintiffs assert that Officer Fernatt was "off-duty" while ignoring that any officer of the law who is charged with enforcing the law can act as a law enforcement officer at any time that he is inside his jurisdiction. The Defendant Officers acted upon the criminal activity that was observed by an officer of the law and thereafter acted upon it after conducting a sufficient investigation of the scene.

**5. Despite Plaintiffs' Claims to the Contrary, False Arrest and False Imprisonment Carry a One Year Statute of Limitations and Plaintiff's Claims for False Arrest and False Imprisonment Must Be Dismissed.**

Because there is no federally prescribed statute of limitation, courts look to and apply their respective State's statutes of limitation. *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573 (1989). In West Virginia, the applicable period of limitations for a claim of "false arrest, false imprisonment, and malicious prosecution" is one year. *See Wilt v. State Auto. Mut. Ins. Co.*, 506 S.E.2d 608, 613 (W.Va. 1998); *see also Snodgrass v. Sisson's Mobile Home Sales. Inc.*, 244 S.E.2d 321 (W.Va. 1978); *Fleming v. West Virginia*, No. 5:08-cv-00267 (S.D.W.Va., April 7, 2009). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the Plaintiff possesses sufficient facts about the harm done to him that reasonable inquiring will reveal his cause of action." *Nasim v. Warden, MD House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177, 116 S.Ct. 1273 (1996) *citing United States v. Kubrick*, 444 U.S. 111, 122-24, 100 S.Ct. 352 (1979).

A Section 1983 claim for false arrest and false imprisonment accrues when the claimant is detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 386, 127 S.Ct. 1091 (2007) (holding "that the statute of limitations upon a §1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.")

Plaintiffs' claim for false arrest/imprisonment is governed by the one year statute of limitations set forth in West Virginia Code § 55-2-12(c). *See Wilt,* 506 S.E.2d at 613. Inasmuch as Plaintiff Michael Rhodes' arrest occurred on August 12, 2016, and he did not file the instant

action until July 23, 2018, any claim for false arrest/imprisonment is time-barred by the one year statute of limitations.

### 6. Plaintiff's Did Not Allege any Facts Demonstrating that the Defendant Officers Violated a Clearly Established Right by Not Intervening to Stop the Arrest and Prosecution of Michael Rhodes.

The Plaintiffs allege that Defendant Officers should have intervened on Michael Rhodes' behalf to stop his arrest and prosecution. "A police officer may not stand by idly while a citizen's constitutional rights are violated by another officer; he has an affirmative duty to intercede on the citizen's behalf." *Browning v. Snead*, 886 F.Supp. 547, 552 (S.D.W.Va. 1995)(Haden, J.) *citing Thompson v. Boggs,* 33 F.3d 847, 857 (7th Cir. 1994), *cert. denied*, 514 U.S. 1063 (1995); *O'Neill v. Krzeminski,* 839 F.2d 9, 11 (2d Cir. 1988); *Byrd v. Clark,* 783 F.2d 1002, 1007 (11th Cir. 1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.")

This type of claim tends to be brought in excessive force cases where a law enforcement officer may be held liable for a failure to intervene when he is in a position to intervene against the use of excessive force by a fellow officer. Here, Plaintiffs allege, with minimal explanation, that the Defendant Officers failed to intervene in conduct of their fellow officers related to the arrest and prosecution of Plaintiff Michael Rhodes. The Defendant Officers upon the first hand observation of fellow DPS Officer Fernatt, reasonably investigated the scene of the criminal conduct of Plaintiff Michael Rhodes, and went to the Rhodes residence in the course of the investigation. Plaintiffs without legal or factual support claim that the non-arresting officers should have intervened to stop the arrest, and that all have them had a constitutional duty to try to get the

prosecuting attorney to drop. the charges. Thus, Plaintiffs' cause of action for failure to intervene fails and must be dismissed.

### 7. Plaintiffs are Barred by State Law From Recovering Punitive Damages From the Defendants for any of the State law claims.

Plaintiffs argue that they can, under certain circumstances, obtain punitive damages for federal civil rights claims. But the same is not true for Plaintiffs' state law claims for The West Virginia Code provides that, "[n]o government agency may be ordered to pay punitive damages in any action." W.Va. Code § 55-17-4(3). Plaintiffs have brought this *Complaint* against the Defendants in their capacities as both individuals and public officials as contemplated by W.Va. Code § 55-17-2(2). Plaintiffs may not recover punitive damages for their state law claims (for false arrest, false imprisonment, malicious prosecution, etc.) against Defendants with respect to their performance of duties as public officials or carrying out their official duties as agents of the State of West Virginia. Plaintiffs are barred from seeking punitive damages against all Defendants in this action and Defendants are entitled to dismissal of the prayer for punitive damages as a matter of law.

### PRAYER FOR RELIEF

Because Plaintiffs failed to state a claim for which relief could be granted, Defendants request that this Honorable Court grant Defendants' *Motion to Dismiss*, with prejudice, and grant Defendants any other and further relief that the Court deems to be appropriate.

THE WEST VIRGINIA DIVISION OF
PROTECTIVE SERVICES, GREGORY SCOTT
FERNATT, ROBERT K. HERALD,
SCOTT DUFF, JOHN WORKMAN,
TRAVAS BENNET, AND JACK CHAMBERS

By Counsel

/s/ Christopher C. Ross
Christopher C. Ross, Esq., WVSB #10415
Anthony J. Delligatti, Esq., WVSB #12345

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

MICHAEL RHODES and
ROBERT RHODES,

    Plaintiffs,

v.                                                                      Civil Action No. 2:18-cv-01179
                                                                   Honorable John Copenhaver, Jr.

WEST VIRGINIA DIVISION OF PROTECTIVE
SERVICES; GREGORY SCOTT FERNATT;
ROBERT K. HERALD; SCOTT DUFF;
JOHN WORKMAN; TRAVAS BENNETT; and
JACK CHAMBERS,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned counsel for defendants, West Virginia Division of Protective Services and its officers Gregory Scott Fernatt, Robert K. Herald, Scott Duff, John Workman, Travas Bennett, and Jack Chambers, do hereby certify on this 3rd day of June, 2019, that a true copy of the foregoing *"Defendants' Reply in Support of Motion to Dismiss"* was served upon counsel of record via the Court's CM/ECF filing system and electronic mail per FRCP 5(b)(2)(E) as follows:

*Counsel for Plaintiffs*
Mark McMillian, Esq. (WVSB #9912)
Boulevard Tower, Ste. 900
1018 Kanawha Blvd., East
Charleston, WV 25301
Telephone: (304) 720-9099

*Counterclaimant Counsel for Defendant Gregory Scott Fernatt*
Michael Del Guidice, Esq. (WVSB # 982)
Ciccarello, Del Guidice, & LaFon
1219 Virginia St. East, Ste. 100
Charleston, WV 25301
Telephone: (304) 343-4440

                                         /s/ Christopher C. Ross
                                        Christopher C. Ross, Esq., WVSB #10415
                                        Anthony J. Delligatti, Esq., WVSB #12345
                                        *Counsel for Defendants*